In re CALORE EXPRESS COMPANY,
INC., Debtor.

United States of America, Appellant,

v.

Fleet National Bank, et al., Appellee.

Civ. A. No. 96–12277–NG.

United States District Court,
D. Massachusetts.

July 19, 2002.

Susan M. Poswistillo, United States Attorney's Office, Peter Sklarew, United States Trustee Office, Boston, MA, Gerald C. Miller, U.S. Department of Justice, Tax Division, Washington, DC, for Appellants.

Harold B. Murphy, Hanify & King, P.C., Joel B. Rosenthal, Debra K. Mayfield, Shapiro, Israel & Weiner, P.C., Rheba Rutkowski, P. Sabin Willett, Bingham McCutchen, LLP, Boston, MA, for Appellees.

### MEMORANDUM AND ORDER

GERTNER, District Judge.

I have reviewed the First Circuit's decision, *In re Calore Express Co.*, 288 F.3d 22 (1st Cir.2002), and the parties' submissions regarding the appropriate disposition of this case. I have concluded that because the bankruptcy estate originally at issue in this case no longer exists, bankruptcy jurisdiction no longer exists over this case—either in the bankruptcy court or before me in the posture of a bankruptcy appeal. Accordingly, if it wishes to proceed in the courts, the government should file a new suit for restitution in any federal district court with subject-matter and personal jurisdiction over this matter, including this one.[1] The present case is hereby **DISMISSED** for lack of subject-matter jurisdiction.

---

1. If the government so desires, it is welcome to list the new case as a "related case" to the bankruptcy appeal and have it assigned to me.

## I. *THE FIRST CIRCUIT'S DECISION*

In reviewing the First Circuit's decision in this case, the recurring and resounding theme is the insufficiency of the record to support the bankruptcy court's decision and this Court's affirmance of that decision. *E.g.,* 288 F.3d at 28 ("We reverse the entry of judgment against the government, because the bankruptcy court could not draw the legal conclusions it did without developing facts to support them . . . . Our decision today does not guarantee the government success on its restitution claim if and when a court better develops the facts involved in this case."); *id.* at 49 ("[T]he underlying theme remains that it is not clear on the present record that the government's inaction was unreasonable or inappropriate."); *id.* at 49 ("On the present record, the bankruptcy court's decision can stand on none of the grounds it gave . . . ."). In other words, the First Circuit found that the bankruptcy court's ruling was insufficiently supported by the record, and thus unwarranted at this stage—not that it was necessarily or ultimately incorrect.

Accordingly, it seems clear to me that, before judgment can enter one way or the other, the record on the waiver issue warrants further development before a court. The question then remains: which court?

## II. *BANKRUPTCY JURISDICTION*

■ As the Supreme Court and numerous circuits have made it abundantly clear, 28 U.S.C. § 1334(b) provides comprehensive jurisdiction to the bankruptcy courts "so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards,* 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)); *see also* H.R.Rep. No. 95–595, at 43–48 (1977), U.S.Code Cong. &

Admin.News 1978, pp. 5963, 6004–6010. Accordingly, when considering the issue of "related to" jurisdiction over a matter under 28 U.S.C. § 1334(b), as the Supreme Court has explained:

'The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.' . . .

But whatever test is used, . . . bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor.

*Celotex,* 514 U.S. at 308 n. 6, 115 S.Ct. 1493 (quoting *Pacor,* 743 F.2d at 994, and noting that all circuits except the Second and the Seventh have followed *Pacor*).

■ Viewed in this light, I cannot agree with Fleet that the bankruptcy court now has "related to" jurisdiction in this matter. Both the case law and the legislative history make it clear that the lodestar of bankruptcy jurisdiction is the effect of a given action on a bankruptcy estate; thus, where there is no estate, the only logical conclusion is that there is no bankruptcy jurisdiction. Put another way, there are two dimensions on which to assess "related to" jurisdiction: substantive and temporal. A matter may be unrelated to a bankruptcy estate because it substantively has no impact on that estate, or it may be unrelated because the estate does not exist anymore. Either way, if a given dispute is unrelated to a bankruptcy estate, a bankruptcy court (or a district court sitting in the capacity of hearing a bankruptcy ap-

peal) has no subject-matter jurisdiction over that dispute.

Accordingly, because the bankruptcy estate of Calore Express has been entirely disposed of, I hold that there is no longer bankruptcy jurisdiction over this matter. If the government wishes to proceed with a restitution suit, it will be required to do so in a court of general jurisdiction. At that time, the court may resolve the issue of how best to address the government's concerns about prejudice drawing from the bankruptcy court's decision, including issues of the burdens of proof and interest rates on the debtor's tax liabilities.[2]

### III.  CONCLUSION

This case is hereby **DISMISSED** for lack of subject-matter jurisdiction. The government is welcome to file suit for restitution in any court with appropriate jurisdiction.

**SO ORDERED.**

### ORDER OF DISMISSAL

For the reasons set forth in the accompanying Memorandum and Order of the same date, this case is hereby **DISMISSED** for lack of subject-matter jurisdiction.

**SO ORDERED.**

---

2. While the judge to whom the case is drawn will have to make his or her own decision, the government's concerns, articulated in note 13 of its brief, about the propriety of suit in this district are not wholly convincing. Even if Judge Rosenthal of the bankruptcy court is a witness in this case, it is not at all clear that this will create a conflict of interest or any other problem with every single judge on the *district* court serving as the trier of fact.